IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

NICHOLAS BARBATI,             )
                                    )
       **Plaintiff,**           )
**v.**                             )        **Civil Action No. 5:12-04716**
                                    )
**JOEL ZIEGLER, Warden,** *et al.*,   )
                                    )
       **Defendants.**       )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 35.), filed on October 28, 2013. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendants' Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Defendants in moving to dismiss. (Document No. 37.) Plaintiff filed his Responses on November 20, 2013, December 2, 2013, December 9, 2013, and December 24, 2013, and December 26, 2013. (Document Nos. 42, 43, 45, 46, 51, 53.) Having examined the record and considered the applicable law, the undersigned has concluded that Defendants' Motion should be granted.

## FACTUAL AND PROCEDURAL HISTORY

On August 27, 2012, Plaintiff, acting *pro se*,[1] filed his Complaint seeking relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document

No. 1.) Plaintiff names the following as defendants: (1) Warden Joel Ziegler; (2) Officer Turner; and

(3) Dr. Ann Elizabeth Card. (Document No. 1, p. 4.) Plaintiff first alleges that he was assaulted and

subjected to excessive force on June 8, 2012. (Id., pp. 4 - 5.) Plaintiff explains that he was instructed

to "cuff up, you're getting a celly," and he complied.[2] (Id., p. 4.) Plaintiff states that he was

attempting "to explain that I did not have my property" when Defendant Turner "told me to give him

the cuffs [and] immediately after I was punched in the stomach by Officer Turner with a closed

fisted punch."[3] (Id., pp. 4 - 5.) Plaintiff alleges that he "immediately surrendered the cuffs fearing

for my safety and well being." (Id., p. 5.) As a result of the incident, Plaintiff states that he is

"suffering severe mental duress and anxiety attacks whenever dealing with staff." (Id.) Further,

Plaintiff contends that Defendants have disregarded his numerous requests for mental health

treatment. (Id.) Plaintiff requests injunctive and monetary relief. (Id.) As Exhibits, Plaintiff attaches

the following: (1) A copy of a letter dated January 2, 2013, from the United States Department of

Justice denying Plaintiff's Tort Claim No. TRT-MXR-2012-05749 (Document No.  17, p. 2.); (2)

A copy of the "Federal Bureau of Prisons Psychology Data System" dated January 11, 2013 (Id., p.

3.); and (3) A copy of the "Federal Bureau of Prisons Psychology Data System" dated December

25, 2012 (Id., p. 4.)

On April 29, 2013, Plaintiff filed a Supplement to his Complaint. (Document No. 23.)

---

[2]  In his Response, Plaintiff states that at "the time of the incident Officer Turner was ordering my celly to cuff up, I was deliberately blocking the try slot thus denying my celly the ability to cuff up." (Document No. 43.)

[3]  The record reveals that Plaintiff has also alleged he was assaulted at USP Lee and USP Victorville. (Document No. 35-1, pp. 26 - 27 and Document No. 53.)

Specifically, Plaintiff states that he is alleging a "violation of my First, Fourth, Sixth, Eighth, Tenth, and Fourteenth Amendment rights." (Id.)

By Order entered on August 29, 2013, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the Clerk to issue process. (Document No. 25.) On October 28, 2013, Defendants filed their "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 35 and 36.) First, Defendants argue that Plaintiff's FTCA claim should be dismissed because: (1) "The United States is the only proper party in an FTCA claim" (Document No. 36, pp. 7 - 8.); and (2) "Plaintiff's FTCA claim was not properly exhausted" (Id., pp. 8 - 10.). Next, Defendants argue that Plaintiff's Bivens claims should be dismissed because: (1) "Plaintiff failed to exhaust administrative remedies" (Id., pp. 10 - 13.); (2) "The Defendants cannot be sued in their official capacities" (Id., p. 13.); (3) "Plaintiff makes no specific claims against Warden Ziegler or Dr. Card" (Id., pp. 13 - 14.); (4) "Plaintiff cannot recover for emotional or psychological damages without a showing of physical injury" (Id., pp. 14 - 15.); (5) "Defendants were not deliberately indifferent to Plaintiff's serious medical needs" (Id., pp. 15 - 21.); (6) Plaintiff's excessive force claim should be dismissed because de minimus force was used for a correctional purpose and caused no injury to Plaintiff (Id., pp. 21 - 24.); and (7) "The Defendants are entitled to qualified immunity" (Id., pp. 24 - 27.)

As Exhibits, Defendants attach the following: (1) The Declaration of Sarah Lilly (Document No. 35-1, pp. 2 - 4.); (2) A copy of Administrative Tort Claim No. TRT-MXR-2012-05749 (Id., pp. 6 - 8.); (3) A copy of the "Tort Claim Investigation" (Id., pp. 10 - 16.); (4) A copy of the denial letter from the United States Department of Justice regarding Administrative Tort Claim No. TRT-MXR-2012-05749 (Id., p. 18.) ; (5) A copy of SENTRY Administrative Remedy Generalized Retrieval

(Id., pp. 20 - 30.); (6) A copy of SENTRY "Inmate History Quarters" (Id., pp. 32 - 34.); (7) A copy of Remedy ID No. 714550-F1 (Id., pp. 36 -37.); (8) The Declaration of Charles Turner (Id., pp. 39 - 40.); (9) The Declaration of Annelizabeth W. Card, Ph.D (Id., pp. 42 - 43.); (9) A copy of Plaintiff's Psychology Data System Records (Id., pp. 45 - 75.); (10) The Declaration of Jeff Roberts (Id., pp. 77 - 78.); and (11) The Declaration of Jeremy James (Id., pp. 80 - 81.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on October 29, 2013, advising him of the right to file a response to the Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Document No. 37.) On November 20, 2013, Plaintiff filed his Motion to Amend his Complaint. (Document No. 41.) Specifically, Plaintiff requested that his Complaint be amended to include the United States as a defendant and "to make all defendants charged for their official and personal capacity."[4] (Id.)

On December 2, 2013, Plaintiff filed his Response to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." (Document No. 43.) Plaintiff states that at "the time of the incident Officer Turner was ordering my celly to cuff up, I was deliberately blocking the try slot thus denying my celly the ability to cuff up." (Id., p. 1.) Plaintiff claims that "this greatly perturbed Officer Turner, thus leading to Officer Turner punching me in the stomach." (Id.) Plaintiff alleges that Officer Turner violated BOP procedure when he used force. (Id., pp. 2 - 3.) Plaintiff argues that "BOP staff are not allowed to take matters into their own hands." (Id., p. 1.) Plaintiff asserts that Defendants are "providing false affidavits to sign to cover up the incident." (Id., p. 3.) Next, Plaintiff asserts that "D. Card is intentionally misleading the Court to my knowledge, my PDS

---

[4] By separate Order entered this day, the undersigned has granted Plaintiff's Motion to Amend.

contains over 16 SRAs to date and 6 suicide attempts." (Id., p. 1.) Plaintiff states that while he was incarcerated at FCI Beckley "in the SHU, I made several requests to talk to psych about issues related to the assault and other issues, psych staff would always advise me to talk to another psych or submit a copout." (Id., p. 2.)

On December 9, 2013, Plaintiff filed his Declaration complaining about the conditions of his confinement at USP Tucson. (Document No. 45.) Also on December 9, 2013, Plaintiff filed an additional Response stating that "in my opinion it is widely known thru the BOP that body shots do not leave marks or bruises, hence the prevalence in the BOP of cell fights with body shots only." (Document No. 46.)

On December 24, 2013, Plaintiff filed a Response complaining that "when a BOP staff member assaults an inmate who is handcuffed with both bands behind his back, not only is it OK, but that said staff member gets promoted." (Document No. 51.) Plaintiff states that the "said staff member has a history of doing this and staff allowed him to continued unchecked." (Id.) Finally, Plaintiff states that the "BOP has the tools to ease my suffering, specifically my 'complex PTSD,' but refused to allow me access to them when they are readily available." (Id.)

On December 26, 2013, Plaintiff filed a Response complaining that he was assaulted by a correctional officer at USP Victorville after he refused to un-cuff. (Document No. 53.)[5]

## THE STANDARD

### Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

_____

[5] To the extent Plaintiff is asserting claims based upon events that occurred at USP Tucson and USP Victorville, this Court does not have jurisdiction over those claims.

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129

S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554,

570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for

purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative

level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555,

127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the

District Court may not dismiss the Complaint with prejudice, but must permit the amendment.

Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

### Summary Judgment

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no

genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.

Once the moving party demonstrates the lack of evidence to support the non-moving party's claims,

the non-moving party must go beyond the pleadings and make a sufficient showing of facts

presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91

L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106

S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the

light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356.

Summary judgment is required when a party fails to make a showing sufficient to establish an

essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no facts or inferences which can be drawn from the circumstances will support Plaintiff's claims, summary judgment is appropriate.

## DISCUSSION

1.      **FTCA Claim:**

      **A.      The United States as a Party.**

In its Motion, the United States argues that Defendants Ziegler, Card, and Turner should be dismissed as to Plaintiff's FTCA claim and the United States substituted as the Defendant. (Document Nos. 35 and 36.) In support, the United States Attorney filed a "Certification" stating that Defendants were acting within the scope of their employment. (Document No. 35-1, p. 83.) In Response, Plaintiff filed a Motion to Amend his Complaint requesting that his Complaint be amended to include the United States as a defendant and "to make all defendants charged for their official and personal capacity."((Document No. 41.)

The Federal Tort Claims Act [FTCA], 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2671, *et seq.*, authorizes suits against the United States for damages for injuries or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred. The FTCA provides at 28 U.S.C. § 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

Inmates may file claims of liability against the United States but may not assert claims of personal liability against prison officials for violations of their constitutional rights under the FTCA. Carlson v. Green, 446 U.S. 14, 21 - 23, 100 S.Ct. 1468, 1472 -74, 64 L.Ed.2d 15 (1980). In order to maintain a case against the United States under the FTCA, Plaintiff must demonstrate that her action is permissible under the FTCA and satisfies the necessary elements of a tort claim cognizable under law of the State in which the action accrued.

Defendants attach a "Certification" by the United States Attorney stating that "[o]n the basis of the information now available with respect to the allegations referred to therein, U.S. Bureau of Prisons employees Joel Ziegler, AnnElizabeth Card, and Charles Turner, were acting within the scope of their employment as an employees of the United States at the time of the incident out of which the claim arose."[6] (Document No.35-1, p. 83.) A United States Attorney's certification "is conclusive unless challenged." Gutierrez de Martinez v. Drug Enforcement Admin., 111 F.3d 1148, 1153 (4th Cir. 1997). "When the certification is challenged, it serves as prima facie evidence and shifts the burden to the plaintiff to prove, by a preponderance of the evidence, that the defendant

---

[6] Title 28 U.S.C. § 2679(d)(1) provides as follows:

Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim is a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

federal employee was acting outside the scope of his employment." <u>Id.</u>; <u>Also see</u> <u>Maron v. United States</u>, 126 F.3d 317, 323 (4th Cir. 1997). In determining whether certification is proper, the Court reviews the question *de novo*. <u>Gutierrez</u>, 111 F.3d at 1154. The plaintiff must present "specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation." <u>Id.</u> at 1155. If the plaintiff presents evidence satisfying his burden of proof, the defendant may come forward with evidence in support of the certification. <u>Id.</u> The Court reviews the "certification, the pleadings, the affidavits, and any supporting documentary evidence" for issues of material fact. <u>Id.</u> "Only if the district court concludes that there is a genuine question of fact material to the scope-of-employment issue should the federal employee be burdened with discovery and evidentiary hearing." <u>Id.</u> In determining whether a federal employee was acting within the scope of his or her employment, the Court applies the law of the state where the conduct occurred. <u>Id.</u> at 1156(<u>citing</u> <u>Jamison v. Wiley</u>, 14 F.3d 222, 227 n. 2 (4th Cir. 1994).

Plaintiff appears to agree that the United States should be substituted as the Defendant. (Document No. 41.) Additionally, Plaintiff does not challenge the United States Attorney's "Certification." As stated above, a United States Attorney's certification "is conclusive unless challenged." The undersigned, therefore, recommends that Defendants Ziegler, Card, and Turner should be dismissed as to Plaintiff's FTCA claim and the United States substituted as the Defendant.

**B.      Exhaustion of Administrative Remedies.**

In its Motion, the United States argues that Plaintiff "failed to exhaust under the FTCA, which deprives this Court of subject matter jurisdiction and requires dismissal of his FTCA claims." (Document Nos. 35 and 36.) Specifically, the United States explains that "Plaintiff timely submitted

his administrative tort claim to the agency, [but] he did not wait for a decision, or wait for six months to elapse without a decision, before filing his Complaint with this Court." (Document No. 36, p. 10.) In response, Plaintiff does not dispute that he failed to exhaust his administrative remedies prior to filing his FTCA claim.

The Federal Tort Claims Act is a limited waiver of sovereign immunity. This waiver is subject to the condition that an administrative claim must first be submitted to the appropriate agency and denied before suit can be filed. See 28 U.S.C. § 2675(a).[7] See also Bellomy v. United States, 888 F. Supp. 760 (S.D.W.Va. 1995). As a general matter, filing a timely administrative claim is jurisdictional and cannot be waived. Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994) (citing Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986); Muth v. United States, 1 F.3d 246 (4th Cir. 1993); Gibbs v. United States, 34 F.Supp.2d 405 (S.D.W.Va. 1999). Thus, before an inmate can bring a claim under the FTCA, the inmate must exhaust procedures specified at 28 C.F.R. §§ 14.1 to 14.115 and 543.30 to 543.32. Additionally, the Court cannot hold the case in abeyance while a plaintiff presents an administrative tort claim with the appropriate agency.[8] See Plyer v.

---

[7]  Title 28 U.S.C. § 2675(a) provides as follows:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

[8]  The administrative process which inmates must exhaust when they have complaints under the FTCA is spelled out at 28 C.F.R. §§ 14.1 - 14.11. To exhaust administrative remedies as required before filing an action under the FTCA, the inmate must first submit an administrative claim including

United States, 900 F.2d 41, 42 (4th Cir. 1990)("Since the district court has no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the Motion to Dismiss until the period had expired."). 28 U.S.C. § 2401(b) provides that a tort claim must be presented to the appropriate federal agency within two years after the claim accrues and the lawsuit must be commenced within six months after the receipt of a final agency decision.

Based upon a review of the record, the undersigned finds that Plaintiff failed to properly exhaust his administrative remedies pursuant to the FTCA. The record reveals that Plaintiff's Administrative Tort Claim was received by the BOP on August 20, 2012, and Plaintiff filed his Complaint initiating the instant action on August 27, 2012. (Document No. 1 and Document No. 35-1, pp. 6 - 7.) By letter dated January 2, 2013, the BOP denied Plaintiff's Administrative Tort Claim. (Document No. 35-1, p. 18.) Thus, Plaintiff clearly filed his Complaint prior to exhausting his administrative remedies. Accordingly, the undersigned recommends that Defendants'"Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 35.) be granted as to Plaintiff's FTCA claim.

**2.     Bivens Claim:**

   **A.     Exhaustion of Administrative Remedies.**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust

---

a claim for money damages in a sum certain for the alleged injury sustained on a Standard Form 95 to the Federal agency whose activities gave rise to the claim. *Id.*, § 14.2(a) and (b)(1). After investigation and examination and informal attempts at resolving the inmate's claim as the circumstances may require, *Id.*, §§ 14.6 and 14.8, the agency may deny or approve the inmate's claim. If the agency denies the inmate's claim, she may file suit in the District Court within six months of the mailing of the denial. *Id.*, § 14.9(a). The Director of the Federal Bureau of Prisons is authorized to settle meritorious administrative Federal tort claims by providing monetary compensation. 28 C.F.R. §§ 0.96(k) and 0.172.

available administrative remedies prior to filing civil actions though the administrative process may

not afford them the relief they might obtain through civil proceedings.[9] Woodford v. Ngo, 548 U.S.

81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983,

152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all

inmate suits about prison life whether they involve general circumstances or particular episodes and

whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121

S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only

money damages must complete any prison administrative process capable of addressing the inmate's

complaint and providing some form of relief, even if the process does not make specific provision

for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief

is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002),

aff'd, 54 Fed.Appx. 159 (4th Cir. 2003), cert. denied, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d

1088 (2003). "[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v.

Helman, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only

"available" administrative remedies be exhausted. A grievance procedure is not "available" if prison

officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004);

Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies

for exhaustion purposes where inmate was unable to file a grievance because prison officials refused

to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir.

---

[9] 42 U.S.C. § 1997e(a) provides as follows:

No action shall be brought with respect to prison conditions under section 1983 of this
title or any other federal law, by a prisoner confined in any jail, prison, or other
correction facility until such administrative remedies as are available are exhausted.

2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in

Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate

that he has exhausted his administrative remedies. See Jones v. Bock, supra; Anderson v. XYZ

Correctional Health Services, 407 F.3d 674, 677 (4ᵗʰ Cir. 2005). Failure to exhaust administrative

remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had

available remedies which he did not exhaust. See Dale v. Lappin, 376 F.3d 652, 655 (7ᵗʰ Cir.

2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing

a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have

the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from

considering at the outset whether an inmate has exhausted administrative remedies. The Fourth

Circuit stated in Anderson, 470 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to
> be pleaded and proven by the defendant. That exhaustion is an affirmative defense,
> however, does not preclude the district court from dismissing a complaint where the
> failure to exhaust is apparent from the face of the complaint, nor does it preclude the
> district court from inquiring on its own motion into whether the inmate exhausted all
> administrative remedies.

For Bivens purposes, proper exhaustion of available administrative remedies requires that

"a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's

administrative rules require." Dale v. Lappin, 376 F.3d at 655 (internal citations omitted); also see

Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006)(stating that "[p]roper

exhaustion demands compliance with an agency's deadlines and other critical procedural rules

because no adjudicative system can function effectively without imposing some orderly structure

on the course of its proceedings"). The Federal Bureau of Prisons [BOP] has established an

Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek

formal review of issues or complaints relating to confinement. Depending upon at what level an

14

inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

In his Complaint, Plaintiff acknowledges that he did not exhaust his administrative remedies. (Document No. 1, p. 3.) Plaintiff contends that he failed to exhaust because BOP staff were "refusing access" to the administrative remedy process. The record reveals, however, that Plaintiff had access to the administrative remedy process. Specifically, the record reveals that Plaintiff had access and utilized the administrative remedy process at FCI Beckley where he filed nine grievances between June, 2011 and February 2012. (Document No. 35-1, pp. 3, 21 - 25.) There is no evidence or allegation that prison officials refused to provide Plaintiff with the necessary grievance forms. Title 28 C.F.R. § 542.14(d) provides that within 20 days after the circumstances occurred that are the subject of the inmate's complaints, the inmate must complete and submit his Administrative Remedy Request on a BP-9 form. Prior to the expiration of this 20 day period, Plaintiff prepared and filed his Complaint with this Court. (Document No. 1.) Plaintiff alleged the incident occurred on August 8, 2012, and Plaintiff signed his Complaint on August 22, 2012. Thus, Plaintiff prepared and signed his Complaint approximately 14 days after the occurrence of the alleged incident. Furthermore, the record reveals that Plaintiff was not denied access to the administrative tort claim form regarding the exhaustion of his FTCA claim. Plaintiff completed his "Claim for Damage, Injury, or Death" on August 9, 2012, and it was received by the Beckley Consolidated Legal Center on August 20, 2012. (Document No. 35-1, pp. 6 - 7.) Therefore, the record fails to support Plaintiff's conclusory claim that BOP staff refused him access to the administrative remedy process. See Ruggiero v. County of Orange, 467 F.3d 170, 178 (2nd Cir. 2006)(affirming dismissal for failure to exhaust because Plaintiff "points to no affirmative act by prison officials that would have prevented him from pursuing administrative remedies."); Sheldon v. Bledsoe, 2007 WL 806124 (W.D.Va. March 15, 2007)(finding plaintiff's "vague and conclusory statements that he was denied the use of the

administrative remedy procedures cannot withstand defendants' specific evidence about his administrative remedy history on issues unrelated to this case"). Accordingly, the undersigned recommends that Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" be granted. The undersigned finds it unnecessary to consider the other reasons which Defendants have submitted for dismissal.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 35.), **DISMISS** Plaintiff's Complaints (Document No. 1 and 41.), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985);

Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94

(4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger

and this Magistrate Judge.

  The Clerk is requested to send a copy of this Proposed Findings and Recommendation to

Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

  Date: March 5, 2014.

               R. Clarke VanDervort
               United States Magistrate Judge