IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

NICHOLAS BARBATI,

    Plaintiff,

v.           CIVIL ACTION NO.  5:12-cv-04716

WARDEN, FCI BECKLEY JOEL ZIEGLER, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

  The Court has reviewed the Plaintiff's pro se *Complaint* (Document 1) filed on August 27, 2012, which alleges that certain officials at FCI Beckley injured him by physically assaulting and/or denying him appropriate mental health treatment.[1]  By *Standing Order* (Document 3) entered on August 27, 2012, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.  On March 5, 2014, the Magistrate Judge submitted his *Proposed Findings and Recommendation* (PF&R) (Document 59), wherein it is recommended that this Court grant the Defendants' motion and dismiss the Plaintiff's

---

[1] The Plaintiff later submitted the following as exhibits to support his complaint: (1) a one page letter form affidavit from Nicholas Barbati, dated January 24, 2013, and (2) a one page copy of a letter from the United States Department of Justice denying Plaintiff's tort claim, dated January 2, 2013.  (*See* Document 13.)   He later submitted the following as additional materials in support of his complaint: (1) a copy of the above one page letter from the United States Department of Justice denying Plaintiff's tort claim, dated January 2, 2013, and (2) a two-page copy of documents from the Federal Bureau of Prisons Psychology Data System, dated January 1, 2013 and December 12, 2012, respectively.  (*See* Document 17.)

complaint. Objections to the Magistrate Judge's PF&R were due by March 22, 2014, and Plaintiff timely filed his *Objections* (Document 65) on March 31, 2014.[2]

## I. FACTUAL AND PROCEDURAL HISTORY

Magistrate Judge VanDervort's PF&R sets forth in great detail the procedural and factual history surrounding the Plaintiff's claims. The Court now incorporates by reference those facts and procedural history. In order to provide context for the ruling herein, the Court provides the following summary.

Plaintiff Nicholas Barbati was sentenced on November 30, 2010, to forty-eight (48) months of imprisonment for Conveying False Information and Hoax, in violation of 18 U.S.C. § 1038(A)(1), Filing a False Claim with the IRS, in violation of 18 U.S.C. § 287, and Making a False Distress Call, in violation of 14 U.S.C. § 88(c).[3] (*See* Document 35-1 at 2.) The Plaintiff's August 27, 2012 *Complaint* (Document 1) alleges that while at the Federal Corrections Institute in Beckley, West Virginia (FCI Beckley), Officer Charles Turner physically assaulted him on August 8, 2012,[4] by punching him in the stomach with a closed fist while Plaintiff was blocking the food tray slot of his jail cell. (Document 1 at 4-5.) The Plaintiff asserts that he suffers from severe mental duress and anxiety attacks as a result of this incident, and further complains that the Defendants disregarded his numerous requests for mental health treatment. (*Id*. at 5.) He filed suit against Joel Ziegler, Warden at FCI Beckley, Officer Charles Turner, and Dr. AnneElizabeth

---

2   The Plaintiff's late submission was excused because the original PF&R mailed to him was subsequently returned as undeliverable on March 19, 2014, thus resetting the "clock." (*See* Document 61.) The Plaintiff was moved to another BOP facility where he ultimately received a copy of the PF&R. (*See* Document 63.)
3   Apparently, the Plaintiff made several hoax phone calls to the National Aeronautics and Space Administration (NASA), which resulted in the launch delay of a space shuttle. (Document 35-1 at 46.)
4   It should be noted that the Magistrate Judge's PF&R, as well as the Plaintiff's *Complaint* (Document 1), mistakenly refers to the date of the relevant incident as June 8, 2012. (*See* Document 1 at 4; Document 59 at 2.) The correct date, however, is August 8, 2012. (*See* Document 35-1 at 12, 14, 16, 18.)

Card, pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671, et seq., and pursuant to *Bivens v. Six Unknown Federal Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 24 L.E.2d 619 (1971).[5]

On October 28, 2013, the Defendants filed their *Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (Document 35), and accompanying *Memorandum in Support* (Document 36).[6] Regarding the FTCA claim, they argue that it must be dismissed because (1) the United States is the only proper party in an FTCA claim, and further, that the Plaintiff failed to properly exhaust administrative remedies. (Document 36 at 7-10.) They next argue that the *Bivens* claims should be dismissed because the Plaintiff failed to exhaust his administrative remedies and that the Defendants cannot be sued in their individual capacities, and even if they could, the Plaintiff has not made specific claims against Warden Ziegler or Dr. Card. (*Id*. at 10-14.) They argue that the Plaintiff cannot recover for his mental or emotional injuries without an attendant showing of physical injury which, in this case, is nothing more than *de minimus*. (*Id*. at 14-15.) They argue that the Defendants were not deliberately indifferent to Plaintiff's medical

---

5        On April 29, 2013, the Plaintiff filed a Supplement to his complaint, alleging violations of the First, Fourth, Eighth, Tenth and Fourteenth Amendments to the Constitution. (*See* Document 23.)
6        The Defendants attached the following as exhibits to their motion to dismiss, or in the alternative, for summary judgment: (1) a three page copy of the Declaration of Sarah Silly, Legal Assistant for the Beckley Consolidated Legal Center, dated October 16, 2013; (2) a two page copy of Administrative Tort Claim No. TRT-MXR-2012-05749; (3) a seven-page copy of documents related to the Tort Claim Investigation; (4) a one page copy of the denial letter from the United States Department of Justice regarding Administrative Tort Claim No. TRT-MXR-2012-05749, dated January 2, 2013; (5) an eleven page copy of documents from SENTRY Administrative Remedy Generalized Retrieval; (6) a three page copy of documents related to the SENTRY Inmate History Quarters; (7) a two page copy of documents related to Administrative Remedy 714550-F1, dated December 1 and 13, 2012, respectively; (8) a two page copy of the Declaration of Charles Turner, Correctional Counselor, FCI Beckley, dated October 21, 2013; (9) a two page copy of the Declaration of AnneElizabeth W. Card, Ph.D., Chief Psychologist at FCI Beckley, dated October 18, 2013; (10) a thirty-one page copy of documents pertaining to the Plaintiff's Psychology Data System Records; (11) a two page copy of the Declaration of Jeff Roberts, R.N., FCI Beckley, dated October 22, 2013; (12) a two page copy of the Declaration of Jeremy James, Correctional Officer, FCI Beckley, dated October 23, 2013; and (13) a one page Certification of R. Booth Goodwin II, United States Attorney for the Southern District of West Virginia, dated October 28, 2013. (*See* Document 35-1.)

needs and, additionally, that they enjoy qualified immunity which shields them from liability. (*Id*. at 15-27.)

On October 29, 2013, notice was provided to the Plaintiff that he had a right to respond to the Defendants' motion to dismiss. (*See* Document 37.) The Plaintiff took full advantage of this opportunity and forwarded to the Court multiple supplemental declarations and amendments to his original complaint. (*See* Documents 41, 42, 43, 45, 46, and 51.) First, the Plaintiff expressed an intent to amend his complaint and charge all Defendants in both their official and personal capacities, informed the Court that his psychological records should include four actual suicide attempts and, further, indicated that he was suspended from the Residential Drug Abuse Program (RDAP) because of his ADHD.[7][8] (Document 41 at 1-3, 5-7.) Next, the Plaintiff informed the Court that he would have added a motion to amend following the administrative denial of his tort claim. (Document 42 at 1.) He further supplemented his complaint by alleging that Defendant Turner was in an irritable mood on the day of the incident, and that psychology staff at FCI Beckley frequently held their key rings when they walked down a cell range so as not to attract attention from the inmates and not be required to take their complaints. (Document 43 at 1-2.)

The Plaintiff also alleges that the BOP follows certain policy when inmates do not "cuff-up," but that the policy was not followed in this instance. (*Id*. at 3.) He argues that Defendant Turner engaged in an unauthorized and improper use of force. (*Id*.) He continues to claim that the BOP is covering up for Defendant Turner's actions and refusing to fully investigate the matter. (*Id*.) The Plaintiff declares that he is being denied adequate mental health treatment

---

7  Document 41 also contains a host of allegations regarding abuse suffered at other prisons not within this Court's jurisdiction. (*See* Document 41 at 3-4.) These allegations are, of course, not addressed.

8  The Court notes that the Magistrate Judge granted the Plaintiff's *Motion to Amend* (Document 41) in its March 5, 2014 *Order* (Document 58). Consequently, for purposes of the PF&R (and this Memorandum Opinion and Order), all Defendants are treated as charged in both their personal and official capacities.

4

at USP Tucson as well as other BOP facilities around the country, and details acts he has taken in the past to prove his suicidal tendencies and his need for mental health treatment, including self-mutilation and attempting to hang himself in his cell. (Document 45 at 1-3.) Additionally, the Plaintiff opines that it is widely known that BOP staff favors "body shots" because they do not leave any marks or bruising. (Document 46 at 1.) He informs the Court that the BOP's behavior in this case is shocking, and that Defendant Turner has a history of using improper or excessive force, and that instead of receiving a reprimand or other sanction, he gets promoted. (Document 51 at 1.) Finally, he states that the BOP has the tools at their disposal to treat his complex PTSD, but that they refuse access to treatment. (*Id.*)

On March 5, 2014, Magistrate Judge VanDervort submitted his PF&R, wherein he recommends that this Court grant Defendants' motion to dismiss and remove this matter from the Court's docket. (Document 59 at 17.) As mentioned above, Petitioner submitted *Objections* to the PF&R on March 31, 2014 (Document 65).

## II.     STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III. DISCUSSION

*A. Magistrate Judge's PF&R*

The Magistrate Judge found that the Defendants' motion to dismiss should be granted on multiple grounds. First, the Magistrate Judge concluded that the United States of America was the only appropriate Defendant for the Plaintiff's FTCA claim, but even when the United States was substituted as a Defendant, the FTCA claim fails because the Plaintiff did not exhaust his administrative remedies nor did the Plaintiff challenge the United States Attorney's Certification that the Defendants were "acting within the scope of their employment . . . at the time of the incident out of which the claim arose." (Document 59 at 8-10.) With regard to administrative remedies, the Magistrate Judge found that the Plaintiff failed to exhaust them because while he filed his administrative tort claim on August 20, 2012, he then filed his complaint in federal court, initiating this action, on August 27, 2012. (*Id*. at 11.) The Magistrate Judge further found that the BOP denied the Plaintiff's tort claims in a January 2, 2013 letter, clearly showing that the Plaintiff "filed his Complaint prior to exhausting his administrative remedies." (*Id*.)

Next, the Magistrate Judge determined that the *Bivens* style claims should be dismissed because the Plaintiff failed, again, to exhaust his administrative remedies prior to filing his civil

action. (Document 59 at 11-12.) After explaining the administrative grievance process[9] that an inmate must follow (and exhaust) before he can initiate a civil action, the Magistrate Judge concluded that the Plaintiff had failed to do so in this instance. (*Id*. at 13-16.) While the Plaintiff claims, in his response to the Defendants' motion to dismiss, that the BOP staff refused to provide the appropriate forms and access to the grievance procedure, the Magistrate Judge found that "there is no evidence or allegation that prison officials refused to provide Plaintiff with the necessary grievance forms." He based this finding, at least in part, on the fact that the Plaintiff was able to prepare and file his complaint with this Court and was also able to, and was not hindered from, completing a Claim for Damage, Injury, or Death form on August 9, 2012. (*Id*. at 16.) Simply put, the Magistrate Judge found that the history of the matter undercut the Plaintiff's argument that he was denied access to the forms he needed to proceed administratively.

B. *The Plaintiff's Objections*

The Plaintiff filed a two-page objection on March 31, 2014. He first asserts that as of the date of the objection, he has been "diagnosed with PTSD [Post Traumatic Stress Disorder] by BOP Mental Health Staff." (Document 65 at 1.) The Plaintiff then challenges, for the first time, "the AUSA Certification that Staff acted in the professional capacity and official." (*Id*.) With respect to the FTCA claim, he asserts that his "lawsuit was amended to include the actual assault, but oringaly (sic) filed for Admin Remedys (sic)," and that he "would have raised All issues on Admin Remedys (sic)." (*Id.*) He also maintains that he exhausted his administrative options because the "BOP staff @ FCI Beckley Refused access thus exhausting it." (*Id*.)

---

9 The Magistrate Judge saliently noted that an administrative exhaustion for an FTCA claim differs from that for a *Bivens* claim. (*See* Document 59 at 10, fn 8; 14-15.)

He claims that "his prior filings have proven that I filed[,] used and exhausted All available Remedy process," and that "all monetary & other Issues would have [been] raised on Administrative Remedy form again thus exhausting them." (*Id*.) He avers that because he has a "proven history established of exhausting & utilizing the Admin Remedy Process," that necessarily in and of itself proves his claim. (*Id*.) The second page of the Plaintiff's objections quotes 28 C.F.R. 542.14(d), and maintains that he "prepared the form on the 14[th]. However it was not filed till the 29th, thus it is timely. Furthermore, staff told me outright that I would not receive a BP-9 form, nor did I receive one after submitting multiple requests." (*Id*. at 2.) He maintains that page five of the Magistrate Judge's PF&R shows the "prevalence thru the BOP of denial of adequate mental health & staff misconduct." (*Id*.) He maintains, "Fact – I was assaulted & punched by staff." (*Id*.) He then declares that he is allowed to raise monetary issues on an administrative remedy form BP-9 and is not "exclusively limited [to] tort claims..." He also argues that he attempted to resolve the issue informally by reporting it to staff of the BOP. (*Id*.)

As a threshold matter, the Court need not conduct a de novo review when Plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47. Here, the Plaintiff makes several general and conclusory arguments to the Magistrate Judge's PF&R.

First, he challenges the United States Attorney's Certification, yet points to no specific basis for the challenge. Even assuming *arguendo* that he can legally raise this challenge to the Certification when it was not previously presented before the Magistrate Judge, the Plaintiff's objection lacks basis and specificity and, therefore, falls fatally short.

As the Magistrate Judge's PF&R makes clear, a Plaintiff "must present 'specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not merely conclusory allegations and speculations'" when challenging a Certification. (Document 59 at 9) (citing *Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1154 (4th Cir. 1997). Here, he does nothing more than declare "I am challenging the AUSA Certification that staff acted in the professional capacity and official." (Document 65 at 1.) Moreover, this challenge is inconsistent with the Plaintiff's earlier filings, in which he essentially agreed that the Defendants were acting in their official capacity and desired to amend his complaint to reflect that. (*See* Document 41 at 1-3) Further, assuming arguendo that the Plaintiff is challenging the *manner* and *mode* of the Defendants' actions on August 8, 2012, he must still provide specific evidence that Officer Turner and/or Dr. Card acted outside the scope of their employment to overcome the Certification. He has failed to meet his burden. Accordingly, the Plaintiff's objection to the Certification is **OVERRULED**.

He next challenges the Magistrate Judge's determination that he failed to exhaust administrative remedies before filing the FTCA claim. Again, the Plaintiff's objection is couched in conclusory language, and he cites no legal argument or case law to counter the Magistrate Judge's determination. The undisputed record clearly shows that he filed the complaint with this Court less than twenty (20) days after the alleged assault, and more than four months before he even received a denial letter from the Department of Justice.[10] (*See* Documents 1 at 1; 35-1 at 18.) Therefore, the Plaintiff's objection to the Magistrate Judge's finding that he failed to exhaust his administrative remedy with respect to the FTCA claim is **OVERRULED**.

---

10    Such an obvious timeline of events clearly renders frivolous the Plaintiff's accusation that he was denied the proper forms for his FTCA claim, especially considering he filled out the appropriate form to send to the BOP and Department of Justice. (*See* Document 35-1 at 6-8.)

9

While not explicitly mentioning his *Bivens* claim in the objections, the Court construes the Plaintiff's arguments surrounding exhaustion to also apply to his *Bivens* claims. The logic underpinning the Magistrate Judge's ruling as to exhaustion, relative to the FTCA claim, applies with equal force to the *Bivens* claims. While the Plaintiff objects to the PF&R and also claims that he was denied access to a BOP BP-9 Form, this conclusory objection is similarly undercut by the record. First, the Plaintiff was provided access to a "Claim for Damage, Injury, or Death" form on or before August 9, 2012, the date on the form he submitted. (*See* Document 35-1 at 6.) Second, the record reveals that the Plaintiff filed no less than nine grievances between June 2011 and February 2012. (*Id*. at 21-30.) As such, the evidence of this case undoubtedly supports the conclusion that the Plaintiff was not, in fact, denied access to the administrative remedy process as he claims, and supports the conclusion that he did not exhaust this process before filing suit. Thus, Plaintiff's conclusory objection to the Magistrate Judge's finding that he failed to exhaust administrative remedies with respect to his *Bivens* claim is also **OVERRULED**.

The Court notes that the Plaintiff makes several statements in his objections that he has been diagnosed with PTSD, and that the psychological staff at FCI Beckley, and elsewhere, denied him effective treatment. The Court stresses that the PF&R, as well as the Court's ruling today, focuses on the Plaintiff's procedural shortcomings. In other words, the Court does not analyze the Plaintiff's underlying substantive arguments.

## CONCLUSION

Wherefore, after careful consideration and based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document

59) dismissing Plaintiff's *Complaint* (Document 1) be **ADOPTED**, that the Plaintiff's objections to the PF&R (Document 65) be **OVERRULED**, and that the Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, to counsel of record, and to any unrepresented party.

ENTER: June 11, 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA